UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────

JAZMINE I. ROBERTS,

                Plaintiff,

        v.

HEALTHFIRST,

                Defendant.

**MEMORANDUM AND ORDER**
24-CV-1556 (HG) (PK)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Jazmine I. Roberts commenced this *pro se* civil action on February 26, 2024. ECF No. 1 (Complaint). On the same day, Plaintiff moved to proceed *in forma pauperis*. ECF No. 2 (Motion for Leave to Proceed *In Forma Pauperis*). Plaintiff's motion to proceed *in forma pauperis* is granted. However, for the reasons stated herein, the Court dismisses Plaintiff's Complaint.

### FACTUAL BACKGROUND

    Plaintiff filed her Complaint using the form complaint for civil rights actions and alleges the basis for jurisdiction as 42 U.S.C. § 1983. ECF No. 1 at 4. Plaintiff's Complaint is difficult to decipher, and she does not identify any state actors against whom she is pursuing her Section 1983 claim. Plaintiff broadly alleges a claim relating to the "denial of health care benefits" and "Medicaid eligibility." *Id.* at 4. She states that the events occurred at Mount Vernon Montefiore Hospital, CVS, RiteAid, and "my substance abuse program" in Flushing, Queens, on February 23, and 24, 2024. *Id.* at 5. Plaintiff describes receiving a letter from Healthfirst, the only Defendant named in the complaint, and being told by medical providers that her Medicaid and Healthfirst identification cards were not active. *Id.* She states that her "pre-existing medical illnesses" have worsened because the providers and health insurance companies "aren't

following the Americans Dissibility [*sic*] Act and are overwhelming me even with psychological abuse." *Id.* at 6. Plaintiff requests an unspecified amount of compensatory and punitive damages. *Id*.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020). A district court shall dismiss an *in forma pauperis* action where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff fails to state a claim upon which relief may be granted. For Plaintiff to bring a claim under Section 1983, Plaintiff must show that the harm was "committed by a person acting

---

[1] Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

under color of state law," and that the action "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Subject to limited exceptions, Section 1983 does not apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct"). A private entity does not become a state actor merely because it (i) performs under a state contract, (ii) accepts state or federal funds, or (iii) is subject to state regulation. *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) ("A finding of state action may not be premised solely on the private entity's creation, funding, licensing, or regulation by the government."); *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State.").

Defendant Healthfirst is a not-for-profit, private health insurer that contracts with the State of New York to offer health coverage for Medicaid-eligible individuals.[2] Plaintiff has not alleged that Healthfirst has acted under color of state law or violated any of her constitutional rights. A defendant's affiliation with Medicaid programs does not make that defendant a state actor. *See, e.g.*, *Houston v. Highland Care Ctr., Inc.,* No. 23-cv-8186, 2024 WL 638721, at *2

---

[2] *See* HealthFirst: Health Insurance for New Yorkers, *About us*, https://healthfirst.org/about-us (last visited April 2, 2024); *see also Kane ex rel. U.S. v. Healthfirst, Inc.*, 120 F. Supp. 3d 370, 376 (S.D.N.Y. 2015) (describing the contract between Healthfirst and the New York State Department of Health to provide certain services to its Medicaid-eligible enrollees).

(E.D.N.Y. Jan. 26, 2024) ("The defendant is not a state actor simply because it participated in Medicare and Medicaid programs."); *see also Veldhuis v. Geico Gen. Ins. Co.*, No. 22-cv-1042, 2023 WL 319576, at *4 (D. Conn. Jan. 19, 2023) ("The Supreme Court has rejected an argument that a private insurance company constitutes a 'state actor' for purposes of § 1983 simply because the insurance company is subject to state regulation."). Plaintiff's Section 1983 claims are therefore dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff additionally asserts a violation under the Americans with Disabilities Act ("ADA"). ECF No. 1 at 6. To establish a violation under the ADA, Plaintiff must show (1) that she is a "qualified individual" with a disability; (2) that Defendant is subject to the ADA; and (3) that she was denied the opportunity to participate in or benefit from Defendant's services, programs, or activities, or was otherwise discriminated against by the Defendant, by reason of her disability. *Henrietta D v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003); *see also* 42 U.S.C. § 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."). The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102. "There can be no action for violation of the ADA without an allegation that the complained of deprivation was a result of the plaintiff's disability." *Aquino v. Prudential Life and Cas. Ins. Co.,* 419 F. Supp. 2d 259, 277–78 (E.D.N.Y. 2005) (citing *Baker v. New York*, 04-cv-6221, 2004 WL 1682780 (W.D.N.Y. May 28, 2004)). Although Plaintiff invokes the ADA, she provides no facts suggesting that she is disabled under the ADA. Even assuming Plaintiff's "pre-existing medical illness" qualified as a disability under the ADA, *see* ECF No. 1 at 6, Plaintiff fails to establish that Defendant discriminated against her because of her alleged

disability. Because Plaintiff fails to establish any causal relationship between her alleged disability and Defendant's actions, her ADA claim fails. *See Buckley v. Med. Bd. & Psychs. Of Respective States*, No. 17-cv-8450, 2017 WL 8777380, at *2–3 (S.D.N.Y. Nov. 28, 2017) (dismissing ADA claim where plaintiff did not allege any disability or alleged any causal connection between the alleged disability and defendants' actions). Plaintiff's ADA claims are therefore dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, the Court denies leave to amend because the nature of the defects in Plaintiff's claims would render any amendment futile. *See, e.g.*, *Houston,* 2024 WL 638721, at *3 (denying leave to amend where court dismissed Section 1983 claims against a private entity that participated in Medicare and Medicaid programs); *Buckley*, 2017 WL 8777380, at *3 (denying leave to amend where court dismissed ADA claims against medical providers).

## **CONCLUSION**

For the reasons set forth above, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any potential state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court's staff is mailing Plaintiff a copy of

5

this order, along with copies of the unpublished decisions referenced in this order, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

SO ORDERED.

                                             */s/ Hector Gonzalez*   .
                                             HECTOR GONZALEZ
                                             United States District Judge

Dated: Brooklyn, New York
        April 2, 2024